**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Honeywell International, Inc., (DSD/JMM)

Plaintiff,

v.

The Charles Stark Draper Laboratory, Inc.,

Defendant.

---

Court File No. 01-CV-223

**PROTECTIVE ORDER**

To expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to materials so entitled, it is, pursuant to the court's authority under Fed.R.Civ.P. 26(c) and with the consent of the parties, ORDERED:

1. The term "CONFIDENTIAL INFORMATION shall mean and include documents, portion of documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and technical or commercial information derived therefrom deemed by any party to contain a trade secret, confidential information or proprietary information belonging to it, him, or her. The term "ATTORNEYS' EYES ONLY INFORMATION" is defined in paragraph 10 of this Agreement. In designating information as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY

FILED APR 25 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

INFORMATION," a party will make such designation only as to that information that the party in good faith believes contains confidential information, proprietary information or a trade secret. Whether or not a receiving party challenges a producing party's designations of "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," the parties agree that such designations solely reflect a producing party's opinion as to the confidential nature of its own documents, and nothing contained in this agreement shall be deemed an admission of any kind by the receiving party that the designated information is in fact confidential.

2. The term "Documents" shall include, but not be limited to, correspondence, memoranda, bulletins, blue prints, specifications, sensitive financial information, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, books of account, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recording, photographs, motion pictures, computer discs or tapes, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), reports, instructions, disclosures, models, prototypes, instructions, and any other writings included in Fed. R. Civ. P. 34(a).

3. The term "Trial Counsel" shall mean (i) the attorneys and employees (including contract attorneys, legal assistants, clerks, and litigation support companies, which do not include Court Reporters) of Faegre & Benson LLP for Plaintiff, including Jennifer Crawford, Esq., senior counsel for Honeywell

International, Inc., who will not receive or print hard copies of documents designated as “ATTORNEYS’ EYES ONLY INFORMATION”, but may receive images of said documents on a CD-ROM made by the producing party from which no printed copies will be made and (ii) the attorneys and employees (including contract attorneys, legal assistants, clerks, and litigation support companies, which do not include Court Reporters) of Todd & Weld LLP and Lindquist & Vennum PLLP for Defendant, including William Elias, II, Esq., general counsel for The Charles Stark Draper Laboratory, Inc., who will not receive or print hard copies of documents designated as or “ATTORNEYS’ EYES ONLY INFORMATION”, but may receive images of said documents on a CD-ROM from which no printed copies will be made. If either of the parties seeks to substitute any of the law firms listed in this paragraph with another law firm or to add additional law firms, it shall notify the opposing party of the intended substitution or addition. Prior to disclosure of “CONFIDENTIAL INFORMATION” or “ATTORNEYS’ EYES ONLY INFORMATION,” the substitute or additional law firm shall acknowledge in writing that it is familiar with and agrees to comply with all provisions of this Protective Order.

4. The term “Independent Expert” for a party shall be defined (for purposes of a receiving party disclosing its opponents’ material designated “CONFIDENTIAL INFORMATION” or “ATTORNEYS’ EYES ONLY INFORMATION”) as excluding (1) any receiving party’s employees or consultants (including employees or consultants of the receiving party’s parent or subsidiary, or of any affiliated company that controls, is controlled by, or is under common control with any receiving party); and (2) individuals currently employed by any entity

(excluding employees of academic institutions that are involved in MEMS inertial sensor design work) that designs, manufactures, sells or distributes MEMS inertial sensors or related products in competition with the parties, or individuals consulting in regard to product development related to MEMS inertial sensors with any entity that manufacturers, sells or distributes such products in competition with the parties.

5. Each party to this litigation may designate any documents, things, interrogatory answers, deposition testimony, or other information which it has provided or which a third-party has provided as "CONFIDENTIAL INFORMATION" in accordance with paragraphs 1, 2, 3, 4, 8, 9, and 11 of this Protective Order. Such designations may be made at the time of production, and up to ten days after the production of documents. If documents are designated as CONFIDENTIAL INFORMATION following production, the receiving party agrees to mark the designated documents CONFIDENTIAL INFORMATION.

6. Each party to this litigation may designate any documents, things, interrogatory answers, deposition testimony, or other information which it has provided or which a third-party has provided as "ATTORNEYS' EYES ONLY INFORMATION" in accordance with paragraphs 1, 2, 3, 4, 8, and 10 of this Protective Order.

7. In the event the producing party elects to produce documents and things for inspection rather than produce copies of documents, no marking need be made by the producing party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the

appropriate confidentiality marking at the time the copies are produced to the inspecting party. Said marking shall not delay the production of the copies. Information obtained by counsel from initial review of documents, whether in written form or not, shall be maintained as "CONFIDENTIAL INFORMATION."

8. Whenever a deposition taken on behalf of any party involves a disclosure of "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" of any party.

(a) Said deposition or portions thereof shall be designated as containing "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" subject to the provisions of this order at the time the deposition is taken whenever possible; however, either party shall have until ten (10) days after receipt of the deposition transcript within which to designate in writing to the other party to the action those portions of the transcript designated "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," and the right to make such designation shall be waived unless made within the ten (10) day period;

(b) Any party shall have the right to exclude from attendance at said deposition, during such time as the "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the Court Reporter;

(c) The originals of the portion of said deposition transcript that contained "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" shall be designated by the Court Reporter with the applicable

legend, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of the Court or agreement of the parties.

9. All information designated as "CONFIDENTIAL INFORMATION" shall not be disclosed to anyone other than the parties, Trial Counsel, Court Reporters and Independent Experts retained for this litigation. All persons other than Trial Counsel to whom "CONFIDENTIAL INFORMATION" is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, as provided in the form attached hereto as Attachment A.

"CONFIDENTIAL INFORMATION" shall not be used for any purpose other than as is set forth in Paragraph 21 of this Protective Order unless and until such designation is removed either by agreement of Trial Counsel or by order of the Court.

10. While information is designated as "ATTORNEYS' EYES ONLY INFORMATION," it shall not be disclosed to anyone other than Trial Counsel, Court Reporters and Independent Experts retained for this litigation.

All Independent Experts to whom "ATTORNEYS' EYES ONLY INFORMATION" is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, as provided in the form attached hereto as Attachment A.

The information that a party may designate as "ATTORNEYS' EYES ONLY INFORMATION" shall be limited to "CONFIDENTIAL INFORMATION" that would, if used by the receiving party in its business or communicated by the receiving

party to a third party, give the receiving party or third party an advantage in competing against the producing party.

If Trial Counsel for the receiving party objects to an "ATTORNEYS' EYES ONLY INFORMATION" designation on any document or documents, Trial Counsel shall provide written notice to the producing party's Trial Counsel of said objection and the general grounds for the objection ("Notice of Objection"). Within three (3) business days of receipt of the Notice of Objection, Trial Counsel for the producing party shall confer with the objecting counsel regarding the challenged "ATTORNEYS' EYES ONLY INFORMATION" designation. If the parties are unable to reach agreement regarding the objection, the producing party must file a motion for a protective order with the Court setting forth the basis for the "ATTORNEYS' EYES ONLY INFORMATION" designation that has been challenged, and bears the burden of demonstrating that the document designated "ATTORNEYS' EYES ONLY INFORMATION" meets the definition set forth above. Nothing contained in this Protective Order shall be construed as an admission that the information designated as "ATTORNEYS' EYES ONLY INFORMATION" is information of a confidential nature outside of the context of this litigation. Said motion shall be filed with the Court within five (5) business days of receipt of the Notice of Objection. If the producing party fails to file a motion within five (5) business days from receipt of the Notice of Objection, the producing party is deemed to have waived the right to maintain the "ATTORNEYS' EYES ONLY INFORMATION" designation and the information will thereafter become "CONFIDENTIAL INFORMATION," and shall thereafter be stamped and

designated as such by all parties. "ATTORNEYS' EYES ONLY INFORMATION" shall not be used for any purpose other than as is set forth in Paragraph 21 of this Protective Order unless and until such designation is removed either by agreement of Trial Counsel or by order of the Court.

11. While information is designated as "CONFIDENTIAL INFORMATION," the restrictions stated in Paragraphs 9 and 21 shall apply.

If Trial Counsel for the receiving party objects to a "CONFIDENTIAL INFORMATION" designation on any document or documents, Trial Counsel shall provide written notice to the producing party's Trial Counsel of said objection ("Notice of Objection"). Within three (3) business days of receipt of the Notice of Objection, Trial Counsel for the producing party shall confer with the objecting counsel regarding the challenged "CONFIDENTIAL INFORMATION" designation. If the parties are unable to reach agreement regarding the objection, the producing party must file a motion for a protective order with the Court setting forth the basis for the "CONFIDENTIAL INFORMATION" designations that have been challenged, and bears the burden of demonstrating that the documents designated as "CONFIDENTIAL INFORMATION" meet the definition set forth in paragraph 1 of this Protective Order. Nothing contained in this Protective Order shall be construed as an admission that the information designated as "CONFIDENTIAL INFORMATION" is information of a confidential nature outside of the context of this litigation. Said motion shall be filed with the Court within five (5) business days of receipt of the Notice of Objection. If the producing party fails to file a motion within five (5) business days from receipt of the Notice of Objection, the producing party is

deemed to have waived the right to maintain the "CONFIDENTIAL INFORMATION" designation and the information will thereafter cease to be considered "CONFIDENTIAL INFORMATION," and that designation shall be removed by all parties.

The following Information shall not be designated as "CONFIDENTIAL INFORMATION," and shall not be afforded the protection under this Order from and after the first of the following to occur:

(a) When information is developed by the receiving party independently of the producing party;

(b) When information is rightly obtained without restriction by the receiving party from a third party that is not under any obligation of confidentiality or non-use in connection therewith;

(c) When information becomes publicly available other than through the fault or negligence of the receiving party;

(d) When information is released without restriction by the producing party to anyone, including the United States Government.

If, by virtue of any of the circumstances listed in subparagraphs (a) through (d), documents produced are not confidential, then a receiving party's failure to object to "CONFIDENTIAL INFORMATION" and "ATTORNEYS' EYES ONLY INFORMATION" designations on such documents shall not be deemed an admission that such documents are in fact confidential. However, if the receiving party intends to use documents with a "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" designation in its business because it believes such

documents are not entitled to said protection for the reasons set forth in this paragraph, that party must challenge said designation in the manner set forth in paragraphs 10 and 11 of this Protective Order before said information can be treated differently than the manner prescribed by its designation.

12. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY INFORMATION"; provided, however, that in rendering such legal advice and in otherwise communicating with the party-client, the attorney shall not disclose any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

13. With respect to documents designated as including "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," any person indicated on the face of the document to be its originator, author, or recipient may be shown the documents. Additionally, any document designated as including "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" may be shown to any employee of the party that produced in this litigation the document so designated, during the deposition of that employee if (after conferring with opposing counsel) it is believed in good faith that the employee would have access to or knowledge of the information contained in that document.

Opposing counsel reserves the right to suspend the deposition and move for a protective order.

14. Any documents produced in discovery, answers to interrogatories, deposition transcripts, or other documents that are filed with the Court for any purpose and that incorporate information that is designated "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" shall be filed in a sealed envelope marked on the outside with the title of the action, and identification of such document within and a statement substantially in the following form:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
> This envelope (or container) containing the above-identified papers filed by (name of party), is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties.

15. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense of this action. Moreover, the failure to designate information in accordance with this order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. This order shall not impact or

control the use of "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" during any trial in this action and the use of such information at trial shall be subject to further order of this Court. This Order shall not in any way limit what the producing party may do with its own documents or information.

16. In the event anyone shall violate or threaten to violate the terms of the Order, the aggrieved party may immediately apply to obtain injunctive relief against any such person violating, or threatening to violate any of the terms of this Order and in the event the aggrieved party shall do so, the respondent person, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order. The prevailing party in any such proceeding shall be entitled to the costs and reasonable attorneys' fees it incurred.

17. Immediately after entry of final judgment concluding this action in its entirety, including appeals, or of dismissal in connection with this action, all documents and things or transcripts of depositions, together with all copies thereof, which have been designated as including "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" shall be returned to the respective party by which it was produced within thirty (30) days of the entry of final judgment.

18. The termination of proceedings in this action shall not thereafter relieve any person to whom "CONFIDENTIAL INFORMATION" or "ATTORNEYS'

EYES ONLY INFORMATION" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

19. The parties may by stipulation provide for exceptions to this Protective Order and any party may seek an order of this Court modifying or interpreting this Protective Order.

20. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order with respect to matter designated as containing "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

21. "CONFIDENTIAL INFORMATION" and "ATTORNEYS' EYES ONLY INFORMATION" subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and exclusively for purposes of this case. Further, no person receiving or reviewing "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" shall disclose it or its contents to

any person other than as provided in this Protective Order and for the purposes specified.

FAEGRE & BENSON LLP
Robert L. Schnell, Jr. (97329)
Rikke Dierssen-Morice (237826)
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 336-3000
Counsel for Honeywell International, Inc.

LINDQUIST & VENNUM PLLP
Bruce H. Little (17421X)
Eric J. Nystrom (19489X)
4200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2205
Counsel for The Charles Stark Draper Laboratory, Inc.

TODD & WELD LLP
Kevin T. Peters (*Pro Hac Vice)*
Ian Crawford (*Pro Hac Vice)*
28 State Street
Boston, MA 02109
Telephone: (617) 720-2626
Counsel for The Charles Stark Draper Laboratory, Inc.

IT IS SO ORDERED.

Dated: Apr 25, 2001.

Magistrate Judge John M. Mason

Attachment A
<u>NonDisclosure Agreement</u>

I, _______________________, do solemnly swear that I have read the terms of the Protective Order entered in <u>Honeywell International, Inc. v. The Charles Stark Draper Laboratories, Inc.</u>, United States District Court for the District of Minnesota, Civil Action No. 01-CV-223 (DSD/JSM), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I acknowledge that I am about to receive Confidential Information and/or Attorneys' Eyes Only Information in said action and certify my understanding that such Information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such Information and any copies I make of any documentary material containing Confidential Information and/or Attorneys' Eyes Only Information, or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as identified in that Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Signed:_______________________________________

Title:________________________________________

Dated:_______________________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.